---

### CARROLL v. MOROSCO et al.

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

### No. 238.

1. Partnership ⊙⊐22—If agreement was first for employment, new meeting of minds necessary to constitute partnership.

   If there was once an agreement of employment, a new meeting of minds was necessary before employee could become a partner.

2. Partnership ⊙⊐53—Evidence held not to show partnership.

   Evidence *held* not to show partnership to collaborate in adapting and converting a play into a musical comedy.

Appeal from the District Court of the United States for the Southern District of New York

Suit in equity by Earl Carroll against Oliver Morosco and Elmer Harris. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Nathan Burkan, of New York City, for appellant.

William Klein, of New York City (Charles H. Tuttle, of New York City, of counsel), for appellee Morosco.

Melville H. Cane, of New York City, for appellee Harris.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

---

PER CURIAM. The bill of complaint states a cause of action substantially as follows: The two defendants and the plaintiff "entered into an agreement. [The effect thereof was that they] were to collaborate in adapting and converting a certain play * * * into a musical comedy." It is averred that the legal effect of this agreement was "that the plaintiff and the defendants should each have an equal joint ownership in such musical comedy, and each and every part thereof, and all rights therein and thereto, as coauthors and co-owners."

The bill then alleges "a scheme and conspiracy to deprive the plaintiff" of his beneficial interest in said comedy. In pursuance of this scheme "defendants without the knowledge or consent of the plaintiff [agreed to] dispose of the motion picture and photoplay rights of said musical comedy." In further pursuance of this scheme defendants did sell and dispose of the motion picture rights of the comedy and appropriated to themselves the large price paid therefor. Therefore plaintiff, alleging that he "is entitled to one-third" of whatever defendants procured for these rights, demands by this bill that he be adjudicated the "equal joint owner" he avers himself to be, and that defendants render an account.

However correct is the legal theory of this pleading, it is evident that the suit can only succeed if and when the contract alleged is proved secundum allegata. We agree with the court below that what is proved is the following: Defendant Harris wrote a play, which he and Morosco concluded to turn into a musical comedy to be "produced" by Morosco. This having been decided upon, Morosco employed or hired the plaintiff to furnish for the comedy the "lyrics and music." This plaintiff agreed to do in consideration of receiving 3 per cent. of the box office receipts. He proceeded to do the work, the comedy was successfully produced, but plaintiff received more than his 3 per cent.; i. e., he was permitted to share in the sale of territorial and stock rights for the comedy.

This suit really grows out of the fact that Carroll actually received more than his agreed 3 per cent. His endeavor is to rise from the position of an employee to that of "coauthor and co-owner" by means of these additional amounts paid him. But whether such additional amounts were merely generous gratuities, or whether they grew out of a custom of the theater trade, is in our opinion quite immaterial. The sole question is whether by any dealings between the plaintiff and the defendants, or either of them, the plaintiff's contract of employment made with Morosco was converted into a partnership or co-ownership.

[1, 2] Evidently, if there was once an agreement of employment, a new meeting of minds was necessary before the employee could become a partner. We agree with the court below that there is no evidence of such new meeting. Therefore the contract set down in the bill never existed as matter of fact, and the whole legal superstructure of bill and argument falls for lack of a firm foundation.

Decree affirmed, with costs.